NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3046

EDWARD J. VANN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 15, 2004

_____

Before MAYER, Chief Judge, MICHEL and LINN, Circuit Judges.

PER CURIAM.

Edward J. Vann seeks review of the final decision of the Merit Systems Protection Board ("board") dismissing his appeal as untimely. Vann v. United States Postal Serv., No. PH-0752-03-0205-I-1 (M.S.P.B. Oct. 22, 2003). Because Vann's untimely filing is due in part to both the United States Postal Service's ("agency") misinterpretation of 5 U.S.C. § 2108(3) with respect to what constitutes a "preference eligible" veteran, and to the agency's persistent stance that Vann had no right of appeal to the board, we reverse and remand.

Congress has expressly limited the scope of our review in an appeal from the board. Specifically, we must affirm the board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). The burden upon the petitioner of establishing any deficiencies in the administrative decision is a heavy one, because there is a presumption that administrative actions are correct and that government officials act in good faith in discharging their duties. Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986).

When Congress created the new Postal Service, by adopting the Postal Reorganization Act, it provided generally for two types of procedures for resolution of disputes over disciplinary actions against postal employees. See Horner v. Schuck, 843 F.2d 1368, 1371-72 (Fed. Cir. 1988). One procedure involves an appeal to the board, 5 U.S.C. § 7701 et seq.; the other involves the filing of a grievance pursuant to the grievance-arbitration procedure of an applicable collective bargaining agreement, 39 U.S.C. § 1206(b). The parties agree that not all federal employees have the right to appeal adverse employment decisions to the board. This is a right conferred by statute

04-3046                                          2

to certain categories of individuals, one such category being those Postal Service employees who are "preference eligible."

Pursuant to 5 U.S.C. § 7513(a), a federal agency may remove an employee from service "only for such cause as will promote the efficiency of the service." Under subsection (d) of that same law, an employee who is removed from service "is entitled to appeal to the Merit Systems Protection Board." "Employee" is defined under 5 U.S.C. § 7511(a)(1)(B) to include "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions . . . (ii) in the United States Postal Service. . . ." "Preference eligible" employees are defined at 5 U.S.C. § 2108(3) as, inter alia, "disabled veterans," i.e., those individuals who "served on active duty in the armed forces, [have] been separated therefrom under honorable conditions, and [have] established the present existence of a service-connected disability or [are] receiving compensation, disability retirement benefits, or pension" from the military or the Department of Veterans Affairs. 5 U.S.C. §§ 2108 (2), (3)(C) (2000) (emphasis added). The plain reading of this statute leads to only one logical interpretation – a veteran does not have to be receiving compensation to be defined as a "disabled veteran" according to 5 U.S.C. § 2108(2).

An appeal to the board must normally be filed within 30 days after the effective date of the action being appealed or within 30 days of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b) (2000). In its discretion, the board may grant a waiver for an untimely appeal on a showing of good cause. Id. § 1201.22(c). To establish good cause for a filing delay a petitioner must show that the delay was excusable under the circumstances and that he exercised due diligence in attempting to

04-3046                                3

meet the filing deadline. Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003) (citing Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982)). The burden is on the petitioner to demonstrate excusable delay. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Factors that determine good cause include "the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit." Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (citations omitted).

Vann was removed from his position as a letter carrier effective November 26, 1999. The agency's notice letter informed him of his right to file a grievance under the negotiated grievance procedure, i.e., arbitration, but it did not include any information regarding his right to appeal to the board. Vann claims that around this time he informed the agency that he was a "preference eligible" veteran, but the agency dismissed his claims and insisted his only recourse was through the arbitration process. Vann's claim for "preference eligible" status stems from a March 1984 Department of Veterans Affairs ("VA") rating decision, which stated:

> We cannot grant your claim for disability benefits.
> The disability listed below is service-connected but is less than 10% disabling and compensation is not payable.
> SKIN CONDITION
> There is entitlement to necessary treatment by the VA for any service-connected disability. . . .

By its own admission, the agency was in possession of this letter as early as November 2000 and aware that Vann had "a service-connected disability." The agency, however, determined that Vann was not "preference eligible" because he was not receiving compensation for his disability. As late as May 2003, the agency contended that "[t]he [VA] did not grant Appellant's claim for disability benefits. Therefore, the Appellant is not a disabled Veteran entitling him to preference eligibility and the Board does not have jurisdiction over his appeal. . . ." Agency's Motion for Dismissal Based on Jurisdiction, filed May 2, 2003. As discussed above, this is a clear misinterpretation of 5 U.S.C. § 2108. The board analyzed this error in interpreting the statute and correctly concluded, "the natural meaning of 5 U.S.C. § 2108(2) is that while anyone who is receiving compensation for a service-connected disability meets the definition of 'disabled veteran,' any person who has been determined to have any kind of service-connected disability is also a 'disabled veteran,' whether or not the disability is sufficient to merit compensation." Vann v. United States Postal Serv., No. PH-0752-03-0205-I-1 (M.S.P.B. July 18, 2003) ("Initial Decision").

Vann challenged the adverse action through the negotiated grievance procedure. After a hearing before an arbitrator, his grievance was denied effecting his removal on August 4, 2000. At that point, Vann should have filed an appeal to the board by September 5, 2000. He waited, however, until March 23, 2003. Throughout the proceedings the agency persisted in its unsupported argument that Vann was not "preference eligible" and that he had no right to appeal to the board. The board determined that, while the agency did not provide Vann with notice of his right to appeal to the board, Vann should have been aware that he had appeal rights. Further, the

board found that a prudent person in Vann's situation would not have relied on the agency's opinion regarding his entitlement to appeal to the board, but instead would have contacted the board himself. Accordingly, the board found that Vann failed to show good cause to waive his untimely filing.

Considering the first factor to excuse an untimely filing, the length of the delay, we agree with the board that the 31 month period was excessive. All other considerations, however, weigh in Vann's favor. The board held that he was not advised of the regulatory time limit because the agency insisted he had no right of appeal. The conduct of the agency – misinterpreting a statute plain on its face and persisting in that erroneous interpretation for three years – is such that Vann's delayed filing should be excused under the circumstances. We cannot agree with the board that a reasonable person would ignore the legal pronouncement by the agency and persist in an appeal the agency had adamantly claimed was unavailable.

We have stated that "[t]he Board is not required to find good cause for an untimely appeal whenever an employee claims that the agency failed to provide him with all the information he regards as pertinent to his decision whether to challenge the agency action." Krizman v. Merit Sys. Prot. Bd., 77 F.3d 434, 439 (Fed. Cir. 1996); see also Clark v. United States Postal Serv., 989 F.2d 1164 (Fed. Cir. 1993) (holding an agency's failure to advise an employee of his right to appeal to the board did not constitute "good cause" for the employee's untimely appeal where the agency was not aware at the time that the employee enjoyed a limited right of appeal to the board). Both Krizman and Clark are readily distinguishable. In both cases the agency passively omitted information relevant to the employee's course of appeal. In neither case did the

agency affirmatively misrepresent to the employee that he had no such right of appeal under existing law.

When weighing the extent and nature of the prejudice to the agency which would result from the waiver of the time limit, we observe that the agency's prejudice is self inflicted: it relied on an erroneous interpretation of 5 U.S.C. § 2108 that influenced Vann not to seek board review in the first instance. The presumption that administrative actions are correct and that government officials act in good faith in discharging their duties, see Sanders, 801 F.2d at 1331, has been sufficiently overcome to require consideration of this case on the merits.