NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3222

CINDY ANN COLDIRON,

Petitioner,

v.

ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

_____

DECIDED:  January 18, 2005

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Cindy Ann Coldiron appeals from the final decision of the Merit Systems Protection Board sustaining her removal by her employing agency.  Coldiron v. EPA, No. DC-0752-03-0050-I-1 (M.S.P.B. Mar. 15, 2004) ("Final Order").  We affirm.

BACKGROUND

Cindy Ann Coldiron was an Attorney/Advisor, GS-0905-14, in the International Enforcement and Compliance Division, Office of Enforcement and Compliance Assurance, Office of Federal Activities, at the Environmental Protection Agency ("EPA").  Coldiron v. EPA, No. DC-0752-03-0050-I-1 (M.S.P.B. Feb. 19, 2003) ("Initial Decision").  On October 4, 2002, Coldiron was removed from her position for disrespectful conduct towards a supervisor and for making inaccurate, misleading, or disrespectful statements

regarding a supervisor. On October 12, 2002, she timely appealed her removal to the Merit Systems Protection Board.

After conducting a hearing, the Administrative Judge ("AJ") sustained the dismissal on the grounds stated by EPA. With respect to the allegation of disrespectful conduct towards a supervisor, the AJ considered 15 e-mail messages and one personal encounter between Coldiron and Thomas Maslany, Coldiron's supervisor. Initial Decision, slip op. at 28. Each of the cited incidents occurred between October 16, 2001 and April 18, 2002. With the exception of one e-mail message, the AJ agreed with EPA that Coldiron had on numerous occasions behaved in a manner that a reasonable person would find disrespectful, disparaging, or inappropriate for a subordinate employee towards her supervisor. Id. at 3-28.

The AJ also sustained EPA's second charge that Coldiron made inaccurate, misleading, or disrespectful statements regarding a supervisor. Id. at 36. The AJ found the charge supported by four incidents occurring between February 22, 2002 and April 22, 2002. In each incident, the AJ concluded that Coldiron sent e-mails to coworkers that improperly criticized Maslany's work performance and conduct as a supervisor. Id. at 29-36.

Coldiron petitioned the full Board for review of the Initial Decision. Concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome of the appeal, the Board denied Coldiron's petition, rendering the Initial Decision final. Final Order, slip op. at 1-2.

Coldiron timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 299 (1938)). Moreover, the Supreme Court has explained that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

On appeal, Coldiron contends that the AJ committed several errors, both factual and legal, in sustaining her removal. Coldiron argues that the AJ erred in finding that the aforementioned e-mails and her personal encounter with Maslany demonstrated disrespectful conduct towards a supervisor.[1] Coldiron also asserts that the AJ's decision is tantamount to finding that a subordinate employee cannot communicate with

---

[1] We do not need to address EPA's removal based on Coldiron's purportedly disrespectful statements regarding a supervisor because we affirm the Board's decision on EPA's charge of disrespectful conduct towards a supervisor. The AJ found that the charge of disrespectful conduct alone "would be more than sufficient . . . to sustain the penalty in this case." Initial Decision, slip op. at 56. Under the circumstances of this case, the penalty of removal is not grossly disproportionate to that proven charge. Yeschick v. Dep't of Transp., 801 F.2d 383, 384-85 (Fed. Cir. 1986).

04-3222                                -3-

her supervisor concerning work-related issues without being exposed to disciplinary action, and therefore, constitutes legal error. Finally, Coldiron argues that the AJ abused her discretion in excluding certain witnesses and exhibits at the hearing.

The Board's denial of Coldiron's petition for review is supported by substantial evidence. A reasonable fact finder could certainly conclude that the e-mails sent by Coldiron to her supervisor, filled with confrontational language, were disrespectful in both their tone and content. Moreover, Coldiron does not dispute that she was responsible for the e-mails cited in the AJ's decision.

The AJ also did not commit legal error in chastising Coldiron for the disrespectful manner in which she presented her opinions to supervisor Maslany—as opposed to the mere act of disagreeing with a supervisor. Coldiron overstates the AJ's decision and the impact it will have, if any, on employee-supervisor relations. There is no basis for believing that affirming the Board's denial will suppress legitimate communication between supervisors and their subordinate employees.

Finally, the AJ did not abuse her discretion in excluding Coldiron's witnesses or exhibits at the hearing. For the most part, Coldiron sought to rely on the excluded witnesses and exhibits to demonstrate that the statements made in her e-mails regarding supervisor Maslany were true. As the AJ explained in her decision, however, the truth of the statements made in Coldiron's e-mails was not critical. Initial Decision, slip op. at 8. Coldiron's disrespectful conduct, which ultimately led to her removal, was premised on the manner in which she presented her opinions.

We have considered Coldiron's remaining arguments and find them unconvincing.

04-3222                                 -4-

## CONCLUSION

For the foregoing reasons, we affirm the Board's decision.