**Joycelyn JACOBS, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

**No. 93–3136.**

United States Court of Appeals, Federal Circuit.

Sept. 15, 1994.

Rhys S. Hodge, St. Thomas, VI, submitted for petitioner.

Virginia M. Lum, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, submitted for respondent. With her on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director.

Before PLAGER, LOURIE, and RONEY *, Circuit Judges.

PLAGER, Circuit Judge.

Joycelyn Jacobs appeals the decision of the Merit Systems Protection Board (Board) sustaining her removal from her position as a legal secretary for the Department of Justice (Agency).[1] We reverse.

## BACKGROUND AND PROCEDURAL HISTORY

Jacobs has a total of thirteen years in federal service. Jacobs worked as a legal secretary for the U.S. Attorney's Office for the Southern District of New York from 1976 until her resignation in 1984. She was re-hired by that office in 1988, and worked there until 1991, when she was transferred to the U.S. Attorney's Office for the District of the Virgin Islands. In 1991, she was removed from her position as a legal secretary in that office.

In 1987, Jacobs returned from New York to St. Thomas where she had been born and raised. In January of 1988, Jacobs was employed at "Stitches," a clothing store on St. Thomas. She worked there for about a month. She was late or absent more than once. One morning, she arrived late. Her superior told her to go back home, which Jacobs did. At the end of the week, Jacobs went back to Stitches to get her paycheck.

---

* Honorable Paul H. Roney, Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

**1.** The Administrative Judge issued an initial decision, Dkt. No. NY0752920252–I–1, on June 22,

1992. Petitioner did not file a petition for review with the full Board; the full Board did not reopen the case on its own motion. The initial decision therefore became final on July 27, 1992.

Asked if she would be coming to work at Stitches, Jacobs said she would not, and she did not work at Stitches after this time.[2]

In 1988, Jacobs returned to New York and reapplied for her old job at the U.S. Attorney's Office. Pending the completion of a Federal Bureau of Investigation (FBI) background investigation, she was given the job. Part of the FBI investigation was a "Questionnaire for Sensitive Positions," Form SF–86, which Jacobs completed on September 14, 1988. Question 22 asked:

Has any of the following happened to you in the last 15 years? If "Yes", begin with the most recent occurrence and go backwards, providing date fired, quit, or left and any other information requested. Use the following codes to explain the reason your employment was ended:

1. Fired from job.

2. Quit a job after being told you'd be fired.

3. Left a job by mutual agreement following allegations of misconduct.

4. Left a job by mutual agreement following allegations of unsatisfactory performance.

5. Left a job for other reasons under unfavorable circumstances.

Jacobs answered "no" to Question 22.

In 1991, Jacobs requested a transfer to the U.S. Attorney's office for the District of the Virgin Islands, on the island of St. Thomas. Her reassignment was effective May 5, 1991. On July 30, 1991, Jacobs was informed that her background investigation conflicted with the answers on her report. By letter dated September 6, 1991 (three years after she had completed the "Questionnaire for Sensitive Positions," during which time Jacobs worked at the U.S. Attorney's Office), Ms. Williamson, assistant director of personnel of the Executive Office for U.S. Attorneys, recommended that Jacobs be removed for being untrustworthy. On January 31, 1992, Mr. DeHaan, U.S. Attorney for the Virgin Islands, removed Jacobs from her position as a legal secretary. As the AJ noted, the record is devoid of evidence of any disciplinary action taken against her during the thirteen years that Jacobs worked for the U.S. Attorney's office, except for the removal at issue in this case.

On February 27, 1992, Jacobs timely appealed to the Board the Agency's decision to remove her. In an initial decision dated June 22, 1992, an Administrative Judge upheld the agency decision to fire Jacobs on the grounds that, in answering Question 22 of the "Questionnaire for Sensitive Positions," Jacobs had falsified a government document with the intention to mislead the government. Other allegations regarding her trustworthiness were found unsupported, and were not sustained. Jacobs did not petition for review of the initial decision; the full Board did not reopen the case on its own motion. The initial decision therefore became final, and Jacobs now appeals that decision to this court.

## STANDARD OF REVIEW

Decisions of the Board are affirmed unless they are found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).[3]

■ In this case, the Board affirmed the decision of the Agency to remove Jacobs from a protected position within the competitive service. The sole reason for the Agency decision to remove was the Agency's determination that Jacobs was untrustworthy, a judgment based upon the Agency's factual conclusion that Jacobs had falsified a government document. Under 5 U.S.C. § 7701(c), the Agency must establish the propriety of any decision to terminate with a preponderance of the evidence. On review, then, this court "must determine whether, considering the record as a whole, the agency's evidence is sufficient to be found by a reasonable factfinder to meet the evidentiary burden applicable to the particular case." *Bradley v. Veterans Admin.*, 900 F.2d 233, 234 (Fed.Cir.

---

2. It is unclear from the record who asked Jacobs if she would be coming back to work, and whether or not that person was in a position to decide whether Jacobs would be retained by Stitches.

3. Because no changes significant to this case have been made in ensuing supplements, all citations are to the 1988 Edition of the United States Code.

1990). *See also Jackson v. Veterans Admin.*, 768 F.2d 1325, 1330–32 (Fed.Cir.1985).

■ "The critical issue in this case is whether the [Board] conclusion that the agency proved the charge against petitioner by a preponderance of the evidence is supported by substantial evidence." *Dixon v. Department of Transportation*, 8 F.3d 798 (Fed.Cir.1993). Furthermore, "[t]o sustain a charge of '[s]ubmitting false information on official government documents,' the agency must prove by a preponderance of the evidence that the employee knowingly supplied wrong information, and that [s]he did so with the intention of defrauding the agency." *Naekel v. Department of Transportation*, 782 F.2d 975, 977 (Fed.Cir.1986) (citations omitted).

■ Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). *See also Brewer v. United States Postal Service*, 647 F.2d 1093, 1096 (Ct.Cl. 1981) (reviewing the Board under the standard articulated in *Consolidated Edison*); *Weston v. Department of Housing and Urban Development*, 724 F.2d 943, 948 (Fed. Cir.1983) (requiring "such relevant evidence as might be accepted by reasonable minds to support the conclusion reached," and relying on *Consolidated Edison* in review of Board decision upholding removal).

■ "The substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *Spurlock v. Department of Justice*, 894 F.2d 1328, 1330 (Fed.Cir.1990). If such an accounting so detracts from the weight of the evidence that supports the Board's decision, or "the agency's evidence is so sparse, that a reasonable fact finder would not find the charge proved by a preponderance of the evidence," *Dixon*, 8 F.3d at 804, the Board must be reversed.

## DISCUSSION

The Agency decision to remove is based on its conclusion that, in answering Question 22, Jacobs intended to defraud the Agency. The basis of the Agency's conclusion is outlined by the Board in its decision: "The Agency's theory is that, in 1988, the appellant made written and oral statements that conflicted with information that came to light during the FBI background check and that the appellant's intention was to conceal from the Agency negative information about herself." **[Initial Decision p. 6]** Jacobs, in short, lost her position for lying.

The Agency originally maintained that Jacobs had lied about a number of things. The Board, however, sustained the Agency in only one allegation: that Jacobs had falsified a government document by maintaining, on Question 22 of the "Questionnaire for Sensitive Positions," that she had not left a job under unfavorable circumstances. The Agency maintained, and the Board agreed, that this statement was untrue in regard to her departure from Stitches. On the basis of the one allegation, however, the Board upheld the Agency conclusion that Jacobs was untrustworthy, and that her untrustworthiness warranted her removal.

Thus, on the record before us, the Agency decision to remove is in fact a chain of propositions:

(1) In Question 22, Jacobs said she never left a job under unfavorable circumstances;

(2) Jacobs left her job at Stitches "under unfavorable circumstances," *i.e.*, at the behest of management;

(3) Therefore Jacobs knowingly gave a wrong answer on a government document;

(4) Therefore Jacobs lied to the government ("falsified a government document");

(5) Therefore Jacobs is untrustworthy, and should have been removed from the sensitive position she occupied.

Because Jacobs's untrustworthiness has been established solely by deduction, the Agency needs to establish the truth of each of the propositions from which her untrustworthiness is deduced. A chain is only as strong as its weakest link: the Agency must establish before the Board each proposition with at least the preponderance of the evidence required by 5 U.S.C. § 7701(c). In

our review of the Agency decision, we must be shown substantial evidence for the Board's determination that the Agency had preponderant evidence for each proposition.

Taking into account those elements of the record that detract from the weight of the Board's decision as required by *Universal Camera, supra,* and our precedent, we find no substantial evidence supporting the Board's review of the Agency's decisions at steps (2) and (4). Step (1) is uncontested. Step (3) follows necessarily from steps (1) and (2), *i.e.,* if the Agency can demonstrate steps (1) and (2), it is entitled to claim (3). Step (5)—that a single instance of falsification of documents in her own interest shows that Jacobs is generally untrustworthy— might be contested under the principles of mitigation required by *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981). In view of the inadequacy of the Agency's case at steps (2) and (4), however, we do not reach the Agency decision at step (5).

## 1. STEP (2): DID JACOBS LEAVE HER JOB AT STITCHES UNDER UNFAVORABLE CIRCUMSTANCES?

Jacobs does not contest that: she was late to, or absent from, work at Stitches several times; she was asked to go home after coming to Stitches late one day; she did not work following this episode. From this, the Board concluded that Jacobs "left her job under unfavorable circumstances" in the sense intended by Question 22. **[Initial Decision p. 11]** Read in context, however, Question 22 asked whether the unfavorable circumstances caused the departure from the job, that is, asked whether or not Jacobs left at the behest of management. The Agency thus needs to show a causal relationship between Jacobs's admitted delinquency and her departure. The Agency shows only that (i) Jacobs was late, and shortly thereafter, (ii) Jacobs left her job. One must deduce the theory required for Respondent's case from the sequence of events, *viz.* that Jacobs's absence and tardiness caused her to be fired. For her part, Jacobs says that she could have gone back to work.

The Administrative Judge noted that the manager of Stitches at the time of the initial decision, Carol Dunlap, submitted two affida-

vits, dated January 6, 1992, and February 19, 1992, stating that Jacobs was *not* fired. **[Initial Decision p. 8]** The Agency did not challenge Dunlap's statements before the Administrative Judge **[Initial Decision p. 10]**; nor has the Agency challenged Dunlap's statements in its brief to this court. We take it, then, that the Agency does not contest the veracity of Dunlap's statements.

■ The Agency's conclusion as to the cause of Jacobs's termination is supported by an alignment of circumstances suggestive enough to constitute substantial evidence, if only barely. But under 5 U.S.C. § 7701(c), the Agency must support its case for the removal of an employee by a *preponderance* of the evidence. There are two massive flaws in the Agency's case at this stage. First, the Agency never explicitly stated that it had to prove causality, and made no attempt to show causality. Though not impossible, it is difficult to prove a necessary and nonobvious element of a case without even stating it. Second, even if we were to accept that the sequence of events suggests that Jacobs was fired, this suggestion is countered by the direct testimony of both Jacobs and the manager of Stitches, Carol Dunlap. As a matter of evidence, a plausible but by no means necessary deduction from a sequence of events cannot outweigh two direct denials with sufficient force to constitute preponderance of the evidence.

Again, Board decisions are reviewed under the substantial evidence standard, 5 U.S.C. § 7703(c), and will not be overturned if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer,* 647 F.2d at 1096 (quoting *Consolidated Edison, supra*). The conclusion reached by the Board was that the Agency proved its case by a preponderance of the evidence. Given that the Agency failed to state its case properly, that is, failed to allege the issue of causation, and given that there was at least comparable and perhaps weightier evidence against the Agency position, which the Board made no effort to evaluate, the Board's decision is not supported by substantial evidence.

## 2. STEP (4): DID JACOBS LIE TO THE FBI?

From steps (1)—(3) the Agency, and then the Board, concluded step (4), that Jacobs must have lied. Nothing compels this conclusion. "The substantiality [and hence the preponderance] of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera*, 340 U.S. at 488, 71 S.Ct. at 464. There is no consideration of the possibility that Jacobs might be telling the truth. There is no consideration of the possibility that reasonable minds might differ on how to evaluate the circumstances under which Jacobs left Stitches. The Agency, in its judgment, might have answered Question 22 differently. But certainly the Agency does not maintain that the answer to Question 22 is patent, *i.e.*, that any reasonable person in Jacobs's circumstances would acknowledge her departure from Stitches as "unfavorable." The Agency provides no evidence to dispute Jacob's claim that she might have kept her job. A difference of opinion—and the Agency's assessment of Jacobs' departure from Stitches makes no greater claim to truth than opinion—does not necessarily entail falsification.

Even if we were to accept that Jacobs answered the question incorrectly, that conclusion would not require the conclusion that Jacobs intended to lie. "The fact of an inaccurate response cannot control the question of intent. Were a bare inaccuracy controlling on the question of intent, the 'intent' element of the charge would be subsumed within the distinct inquiry of whether the employee's answer adheres to the true state of facts." *Naekel*, 782 F.2d at 978. The Agency is not entitled simply to deduce step (4) of its argument from its prior demonstrations, such as they are.

While the Agency is not entitled to reach step (4) by deduction, it might have tried to reach the proposition by induction, that is, the Agency might have supported its position with evidence. *Id.* at 978 (agency decision may be upheld on circumstantial evidence). But the Agency has produced no evidence whatsoever to support step (4). On the other hand, there is some evidence, admittedly circumstantial, that Jacobs is not a liar: she has over a decade of government service without complaint; she has character witnesses; she has her own word. While perhaps not much, this is more evidence than the Agency introduced, and the statute requires that the Agency prove its case by a preponderance of the evidence. 5 U.S.C. § 7701(c). But, as at step (2), the Agency gives no sign that it is even aware it must prove that Jacobs lied.

In its opinion, quoted above, the Board recognized that the Agency needed to prove a lie. But the Board does not and could not supply the evidence that the Agency neglected to provide. Regarding Question 22, the sole basis of its holding, the Board found, without any support whatsoever, "that the appellant should have answered 'Yes' to question 22 and should have indicated that she left Stitches under unfavorable circumstances ..." [Initial Decision p. 11] In the absence of evidence, the Board asserted a motive for lying: "I find that the appellant wished to conceal from the agency what caused her to leave her job at Stitches." *Id.* The Board begs the question. This is not preponderance of the evidence. This is not even substantial evidence. There is literally no evidence here; the statement is purely conclusory.

## CONCLUSION

There is not substantial evidence in the record upon which to find that the Agency decision to remove Jacobs from her position as a legal secretary was supported by a preponderance of the evidence. The Board decision to the contrary is therefore

***REVERSED.***