Carla A. CLAY, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 03–3096.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 22, 2003.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

PER CURIAM.

Carla A. Clay seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision of the United States Postal Service ("agency") to demote her from a supervisory position to a nonsupervisory position based on a charge of unacceptable performance. *Clay v. United States Postal Service*, No. CH0752010480–I–1, 93 M.S.P.R. 300, 2002 WL 31828379 (M.S.P.B. Dec. 11, 2002). We *affirm*.

I

On May 15, 2001, the agency demoted Ms. Clay from her supervisory position (Manager of Customer Services, EAS–19) to the nonsupervisory position of Customer Service Analyst, EAS–16. The reason for the agency's action was Ms. Clay's alleged unacceptable performance, based on charges that she (1) yelled frequently at her employees, (2) told Edward Castillega to "shut up" or "shut up or leave," (3) refused to allow the agency to pay for her anger management course, and (4) made inappropriate racial comments to her employees during her stand up talks.

Ms. Clay appealed her demotion to the Board, and the administrative judge assigned to Ms. Clay's case held a hearing on October 3, 2001. In a 36–page opinion, the administrative judge recounted the history of Ms. Clay's behavior in her supervisory position. Perceptions of her management style as confrontational and belligerent began shortly after she assumed supervisory authority in late October of 1999. Complaints from co-workers and members of the public led agency management to seek assistance for Ms. Clay in hopes of moderating her management style. During calendar year 2000, the agency sponsored counseling sessions inside the agency and outside programs aimed at assisting Ms. Clay to develop a less belligerent management style. Ms. Clay, however, refused to accept that anything was wrong with her performance, and either refused to attend, or attended reluctantly, the meetings arranged to provide her with assistance.

In early 2001, the agency's continued dissatisfaction with Ms. Clay's management style led to its decision to order her to attend anger management training. Ms. Clay was warned that her continued employment depended on her cooperation, but she refused to fill out the paperwork to

allow the agency to send her to anger management training. Shortly thereafter, the agency proposed to demote Ms. Clay to a part-time flexible letter carrier, based on the four charges listed above. The deciding official determined that each of the charges were proper, but mitigated the penalty to demotion to Customer Service Analyst.

The administrative judge concluded, based on testimony and written statements, that the agency met its burden of proof by a preponderance of the evidence that Ms. Clay frequently yelled at her employees, refused to allow the agency to pay for her anger management training, and made inappropriate racial remarks to her employees during stand up talks. The agency's charge of telling Edward Castillega to "shut up" or "shut up or leave" was not sustained.

The administrative judge also held that Ms. Clay had failed to prove her charges of racial discrimination, reprisal for EEO activity, and lack of adequate notice of the charges made against her. Finally, the administrative judge determined that Ms. Clay's unacceptable performance was disruptive to the agency's efficiency, that discipline for Ms. Clay would promote the efficiency of the agency, and that the penalty of demotion was reasonable under the test of *Douglas v. Veterans Administration*, 5 M.S.P.B. 313, 5 M.S.P.R. 280 (1981).

Ms. Clay petitioned the full Board for review of the decision sustaining her demotion. The full Board denied her petition, thereby converting the administrative judge's decision into the final decision of the Board. Ms. Clay then petitioned for review in this court. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(9).

## II

We must affirm the final decision of the Board unless we determine that the deci-

sion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Also, when the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.*

As noted above, Ms. Clay argued to the Board that the agency's action against her was an act of racial discrimination. Because Ms. Clay has now filed a Statement Concerning Discrimination under Federal Circuit Rule 15(c) expressly abandoning her discrimination claims, we have jurisdiction to decide her challenge to the merits of her demotion. *See Davidson v. United States Postal Serv.*, 24 F.3d 223, 224 (Fed. Cir.1994).

With regard to the merits of her case, Ms. Clay argues that the Board failed to listen to her, and failed to accord proper weight to the evidence in support of her case. She does not, however, counter the testimony and evidence cited by the Board in support of its conclusion that the agency had sustained three grounds proving unacceptable performance. Although there indeed is some evidence favoring Ms. Clay, as set forth in the Board's written decision, there is substantial evidence supporting the agency's case. Under the substantial evidence standard, we "will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1546 (Fed.Cir.1994) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Here, there is ample evidence to support the Board's decision.

## III

Because substantial evidence supports the Board's findings that Ms. Clay fre-

quently yelled at her employees, refused to cooperate in the agency's efforts to provide anger management training, and made inappropriate racial comments to her employees, we must sustain the Board's conclusion that the agency lawfully demoted Ms. Clay. We therefore affirm the final decision of the Board.