**Brian G. MONTGOMERY, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 04–3236.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 12, 2004.

Before CLEVENGER, SCHALL, and GAJARSA, Circuit Judges.

DECISION

PER CURIAM.

Brian G. Montgomery petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of Agriculture ("agency") removing him from the position of Archeological Technician. *Montgomery v. Dep't of Agric.*, No. SF–0752–03–0018–I–1, 96 M.S.P.R. 64, 2004 WL 715827 (Mar. 26, 2004). We *affirm.*

DISCUSSION

I.

The agency removed Mr. Montgomery from his position based upon four charges: (1) inappropriate behavior of a sexual nature in May–June 2001; (2) being under the influence of alcohol while on duty in June and July 2001; (3) failure to request authorization to drive a government vehicle, which came to light in June 2001; and (4) disgraceful conduct (with no dates, times, or specifics given). Mr. Montgomery appealed his removal to the Board. After Mr. Montgomery waived his right to a hearing, the administrative judge ("AJ") to whom the appeal was assigned decided the case based upon the documentary record. In an initial decision dated March 31, 2003, the AJ sustained the removal action. *Montgomery v. Dep't of Agric.*, No. SF–0752–03–0018–I–1 (Mar. 31, 2003). The AJ determined that the agency had established its first three charges by a preponderance of the evidence, that Mr. Montgomery had failed to establish harmful procedural error in the removal process, and that the penalty of removal was reasonable. The AJ's initial decision became the final decision of the Board on March 26, 2004, after the Board denied Mr. Montgomery's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

On appeal, Mr. Montgomery attacks the Board's findings of fact with respect to each of the three charges that were sustained. He does so largely by stating his version of critical events and by citing to evidence in the record that he asserts undermines the Board's findings. However, in order to prevail on appeal from an adverse Board decision, a petitioner must do more than simply point to evidence in the record that, if believed, would support findings of fact different from those made by the Board. What the petitioner must do is establish why the Board's findings are not supported by substantial evidence. *See Bieber v. Dep't of Army*, 287 F.3d 1358, 1364–65 (Fed.Cir.2002) (affirming administrative judge's findings of fact based on substantial evidence). Substantial evidence is that evidence that "a reasonable mind might accept as adequate to support a conclusion." *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1546 (Fed.Cir.1994) (quoting *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Mr. Montgomery has failed to demonstrate that the Board's findings of fact are not supported by that quantum of proof. Finally, to the extent that Mr. Montgomery attacks the AJ's credibility determinations, we have stated that such determinations are "virtually unreviewable." *Frey v. Dep't of Labor*, 359 F.3d 1355, 1361 (Fed.Cir.2004); *Bieber*, 287 F.3d at 1364; *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir. 1986). We see no reason to disturb the AJ's credibility determinations in this case.

For the foregoing reasons, the final decision of the Board is affirmed.