NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3317

HOWARD A. BENDER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  February 11, 2005

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Howard A. Bender appeals from the final decision of the Merit Systems Protection Board denying his petition for review.  Bender v. OPM, No. CH-0831-03-0590-I-1 (M.S.P.B. Mar. 30, 2004) ("Final Order").  We affirm.

BACKGROUND

Howard A. Bender was formerly a civilian employee at the Department of the Air Force and retired under the Civil Service Retirement System.  Bender v. OPM, No. CH-0831-03-0590-I-1, slip op. at 2 (M.S.P.B. July 28, 2003) ("Initial Decision").  Bender's first marriage was to Margaret Bender, but that marriage ended, and on November 24, 1999, Bender married Judy Bender.  Id.  This appeal involves Bender's attempt to elect

a survivor annuity benefit ("annuity") for his second wife after the statutory deadline for electing the annuity had passed. Id., slip op. at 1.

After conducting a telephone hearing, the Administrative Judge ("AJ") sustained OPM's decision denying Bender's attempt to elect an annuity for Judy Bender. In reaching that decision, the AJ concluded that Bender did not meet his burden of proving that there were circumstances in this case that would have allowed OPM to waive its statutory deadline for electing the annuity.

The AJ considered the pertinent law as it existed at the time of Bender's retirement. Under 5 U.S.C. § 8339(k)(2)(A), Bender had two years from the date of his marriage to elect the annuity. The AJ determined that because he did not attempt to elect the annuity for his second wife until over three years after their marriage, Bender's election was untimely and properly denied.

To excuse his delay, Bender argued before the AJ that he was unaware of the deadline to elect the annuity. The AJ recognized that there is an exemption to the two-year requirement for an annuity election where OPM has failed to show that it complied with the notice requirement of 5 U.S.C. § 8839. Id., slip op. at 2. The AJ, however, concluded that OPM met that burden through the affidavit of Donna Lease, who managed the printing and distribution of forms and notices for OPM's Retirement and Insurance Group. Id., slip op. at 2-3. Lease stated in her affidavit that all annuitants were mailed a copy of a general notice with the requirements for a survivor annuity election every year. Id., slip op. at 3. Moreover, according to the AJ, it was uncontested that OPM had the correct address for Bender. Id. Thus, the AJ found that OPM mailed copies of the notice to Bender every year from 1989 to 2000. Id.

To rebut OPM's showing of notice, Bender testified that he did not remember receiving forms from OPM containing information relating to the requirements for an annuity election during the relevant time frame, but he also acknowledged that it was possible that he received that information. Id. The AJ noted the equivocality of Bender's testimony. Id. The AJ also found that it was improbable that Bender failed to receive any of the twelve Notice of Annuity Adjustment forms sent by OPM explaining the election requirements. Id. Thus, the AJ concluded that Bender had not rebutted the presumption that he received OPM's timely notification relating to the deadline for filing a request for an annuity. Id., slip op. at 4.

To justify his delay, Bender also argued to the AJ that OPM provided incorrect information to his wife regarding her eligibility for an annuity. According to Bender, his wife telephoned OPM, and an official at OPM told her that she could not receive an annuity. In weighing Bender's testimony, the AJ noted that Bender's wife did not recall any details of the telephone conference that she allegedly had with OPM, including the specific questions she asked or the specific responses she received. Thus, the AJ decided that it was not possible to know if OPM provided incorrect information to Bender's wife or if she simply misunderstood accurate information given to her by OPM.

Instead, the AJ determined that, based on Bender's testimony, it was most likely that Bender's wife telephoned OPM in January 2000, in which case OPM's alleged response that Bender's wife was ineligible to receive an annuity would have been correct at that time. See 5 U.S.C. § 8339(j)(5)(C)(ii) (providing that upon remarriage, the benefiting spouse cannot receive survivor annuity earlier than nine months after the date of the remarriage). Nonetheless, the AJ also concluded that any incorrect

information provided by OPM to Bender's wife was irrelevant because she did not have the right herself to elect survivor annuity benefits. Furthermore, the AJ found that because OPM provided accurate information to Bender concerning election procedures in the form of mailed notices, a reasonable person would not have been misled by OPM's alleged second-hand statements to Bender's wife. Accordingly, the AJ determined that Bender did not meet his burden of showing that OPM made incorrect or misleading statements to Bender's wife.

Bender petitioned the full Board for review of the Initial Decision. Concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome of the appeal, the Board denied Bender's petition, rendering the Initial Decision final. Final Order, slip op. at 1-2.

Bender timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison

04-3317                                    -4-

Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). Moreover, the Supreme Court has explained that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

On appeal, Bender does not dispute that he failed to elect an annuity within two years of his marriage to Judy Bender. Bender also does not contest the AJ's factual finding that he received timely notice from OPM regarding the requirements for electing the annuity. Accordingly, we will sustain the Board's denial of Bender's petition for review unless Bender can demonstrate that the AJ lacked substantial evidence in finding that a reasonable person in Bender's situation would not have been misled by allegedly conflicting statements that OPM provided to Bender's wife.

At bottom, the success of Bender's appeal is contingent upon this court re-weighing Bender's testimony and contradicting the AJ's factual finding regarding the substance of the telephone conference that allegedly took place between Bender's wife and OPM. Bender argues that, contrary to the AJ's finding, OPM provided Bender's wife with misleading information by stating that she was ineligible for an annuity.

We conclude that Bender has not presented sufficient evidence to contradict the AJ's findings. It is undisputed that Bender's wife did not remember the specific questions she asked OPM or OPM's specific responses to her questions, and Bender does not provide any supplemental information from the record in his brief to shed light on that telephone conference. Thus, we agree with the AJ that it is not possible to know whether OPM gave Bender any incorrect or misleading information. Indeed, if we accept the AJ's finding that Bender's wife most likely telephoned OPM in January 2000,

OPM's purported response that Bender's wife was ineligible for survivor annuity benefits would not have been incorrect. See 5 U.S.C. § 8339(j)(5)(C)(ii).

Bender also appears to argue that OPM indirectly misled him by not specifically informing his wife during her telephone conference with OPM that she would not be eligible for survivor annuity benefits for nine months after the date of their marriage, but that she would be eligible for an annuity after that period. Bender's brief notably fails to explain how OPM was charged with the duty of informing Bender's wife of the nine-month waiting period, especially considering that we do not even know what questions Bender's wife posed to OPM. We must defer to the AJ's factual finding that OPM did not disseminate misleading information, and Bender has provided no more than vague and conclusory recollections to overturn that finding.

In view of the AJ's finding that Bender failed to establish that OPM provided him with misleading information—a finding that we have sustained—Bender's assertion that a reasonable person would have been confused by allegedly conflicting information from OPM is baseless. Bender argues that he was given conflicting information because OPM's Notice of Annuity Adjustment did not inform him of the nine-month waiting period for remarried couples and that OPM, through its telephone conference with Bender's wife, indirectly informed him that she was ineligible for an annuity. As a practical matter, we do not see how there could have been conflicting information when Bender did not even review the OPM's Notice of Annuity Adjustment until late December 2002 or early January 2003, long after the two-year deadline for electing the benefit had passed. Moreover, without establishing how OPM provided incorrect information to Bender's wife over the telephone regarding survivor annuity benefit

eligibility, we cannot conclude that the AJ lacked substantial evidence to find that Bender would not have been confused by OPM's telephone statements.

CONCLUSION

For the foregoing reasons, we affirm the Board's decision.