NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3235

JOHN D. HORTON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  February 14, 2005

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and PROST, <u>Circuit Judges</u>.

PER CURIAM.

John D. Horton appeals from the final decision of the Merit Systems Protection Board.  <u>Horton v. Dep't of the Army</u>, No. DC-315H-03-0662-I-1 (M.S.P.B. Apr. 15, 2004) ("<u>Final Order</u>").  We <u>affirm</u>.

BACKGROUND

John D. Horton was hired on a career-conditional appointment to the position of librarian in Fort Belvoir, Virginia, effective June 30, 2003.  <u>Horton v. Dep't of the Army</u>, No. DC-315H-03-0662-I-1 (M.S.P.B. Aug. 21, 2003) ("<u>Initial Decision</u>").  On July 8, 2003, Horton was removed from his position because he had provided false information on a "Declaration of Federal Employment."  On the declaration, executed June 30, 2003, Horton claimed that he had not been convicted during the last 10 years, even

though, at the time of his declaration, he was found guilty of destroying government property and resisting, delaying, or obstructing a police officer.[1] On July 10, 2003, he timely appealed his removal to the Merit Systems Protection Board.

The Administrative Judge ("AJ") dismissed Horton's appeal for lack of jurisdiction. The dismissal was based on the finding that Horton was a probationary employee. Initial Decision, slip op. at 3. According to the AJ, "[p]robationary employees who have less than one year of continuous service have limited rights of appeal to the Board," and Horton's appeal did not fit into the specific circumstances that would have given the Board jurisdiction. Id.

Horton argued to the AJ that he was not a probationary employee. Instead, he sought classification as a "tenured, competitive service employee" having broader rights of appeal to the Board. Horton also contended that he was hired through reinstatement procedures which did not require a new probationary period. Finally, Horton argued that because he was terminated for preappointment reasons, he was entitled to the termination procedure set forth in 5 C.F.R. § 315.805, and that the agency's denial of that procedure gave him a right of appeal to the Board.

Horton's arguments did not persuade the AJ, who instead found that "it was beyond cavil that the appellant was terminated for post-appointment reasons." Id., slip op. at 4. The AJ noted that Horton was terminated for falsification of documents that he completed after he was appointed librarian, and thus, the agency was not required to provide the termination procedure under 5 C.F.R. § 315.805. The AJ also determined

---

[1] On August 14, 2003, an appellate court vacated and remanded all of the convictions because the case was originally tried before a magistrate judge without Horton's consent. When the case returned to the district court, the government moved to dismiss the indictment with prejudice, and the court granted that motion.

that Horton's prior employment with the IRS in 1998 and 1989 did not qualify him as a "tenured, competitive service employee" because he had not served three years of "substantially continuous creditable service" pursuant to 5 C.F.R. § 315.201(a). Moreover, the AJ did not consider Horton's prior employment with the IRS to be "current continuous service" for the purpose of giving Horton "employee" status under 5 U.S.C. § 7511(a)(1)(A)(ii). Relying on 5 C.F.R. § 315.801(a), the AJ also concluded that because Horton was appointed from a competitive list of eligibles, he was required to serve a probationary period. Finally, the AJ found nothing in the record to support Horton's contention that he was hired through reinstatement procedures or that he met the requirements for reinstatement eligibility under 5 C.F.R. § 315.401.

Horton petitioned the full Board for review of the Initial Decision. Concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome of the appeal, the Board denied Horton's petition, rendering the Initial Decision final. Final Order, slip op. at 1-2.

Horton timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). "Under the substantial evidence standard

of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)).  Moreover, the Supreme Court has explained that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

"The Board's jurisdiction is . . . limited to those matters over which it has been given jurisdiction by statute or regulation."  Initial Decision, slip op. at 2 (citations omitted).  On appeal, Horton does not challenge the AJ's finding that he was a probationary employee.  Accordingly, the Board has jurisdiction over Horton's appeal stemming from post-appointment conduct only if he can make a nonfrivolous allegation of discrimination based on partisan political reasons or marital status.  5 C.F.R. § 315.806(b).  Horton's claim that the agency improperly relied upon vacated convictions as the basis for his termination is not one of the limited circumstances that would confer jurisdiction to the Board.  Moreover, despite the fact that an appellate court subsequently vacated the convictions at issue, there can be no debate that at the time of Horton's declaration, the representation that he had not been convicted of a crime within the last ten years was untrue.  Thus, the Board properly dismissed the case for lack of jurisdiction.

Under 5 C.F.R. § 315.806(c), Horton can appeal to the Board if he can establish that "his termination was not effected in accordance with the procedural requirements" of 5 C.F.R. § 315.805.  To be entitled to the termination procedure under 5 C.F.R.

§ 315.805, a probationer must first demonstrate that his termination was due to conditions arising before appointment. We agree with the AJ that the post-employment conduct leading to Horton's termination—providing false information in his declaration— was not a condition arising before appointment.

Horton argues that in order to determine whether he falsified his declaration, the agency had to consider the prior convictions, which Horton characterizes as preappointment conditions. Horton's argument misses the point. The only basis for Horton's termination was his act of providing false information on the declaration, and there is no dispute that that act occurred after he was appointed librarian.[2] Thus, we conclude that Horton was not improperly denied the termination procedure under 5 C.F.R. § 315.805.

We have considered Horton's remaining arguments and find them unconvincing.

CONCLUSION

For the foregoing reasons, we affirm the Board's decision.

---

[2] We have found nothing in the record to indicate that Horton would have had his employment terminated had he provided truthful information regarding his prior conviction in his declaration. Indeed, if Horton had made a truthful disclosure and had his employment terminated on that basis alone, the agency may have given him the termination procedure under 5 C.F.R. § 315.805 that he currently seeks.