NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3364

BETTY J. HOLDERFIELD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: April 5, 2005

_____

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

Betty J. Holderfield petitions for review of the final decision of the Merit Systems Protection Board dismissing her Individual Right of Action ("IRA") appeal for lack of jurisdiction. Holderfield v. Dep't of the Treasury, No. AT-1221-01-0306-M-1 (M.S.P.B. May 14, 2004) ("Holderfield III"). We affirm.

BACKGROUND

Betty J. Holderfield is a revenue agent at the Internal Revenue Service's ("IRS's") Dalton, Georgia facility. On January 18, 2001, Holderfield filed an IRA appeal at the Board alleging that a variety of adverse personnel actions were taken in retaliation for her disclosure of favoritism by her former supervisor, Susan A. Chambers, to Chambers's IRS subordinate and live-in companion Mary Sexton. On October 18,

1999, prior to the appeal to the Board, Holderfield also filed the first of three grievances alleging that Chambers had acted unlawfully in, inter alia, failing to promote her and giving her unfair performance appraisals. All three grievances were settled on July 13, 2000, with Holderfield achieving, among other things, removal of all performance appraisals by Chambers from her employee file, restoration of ratings given by her former supervisor, and a temporary promotion that could later be made permanent.

The Administrative Judge ("AJ") of the Board dismissed Holderfield's whistleblower IRA for lack of jurisdiction on the ground of failure to demonstrate that the agency had taken any retaliatory "personnel actions" against her pursuant to 5 U.S.C. § 2302(a)(2). Holderfield v. Dep't of the Treasury, No. AT-1221-01-0306-W-1, slip op. at 2, 7 (M.S.P.B. Feb. 16, 2001). The Board denied Holderfield's petition for review of the AJ's decision rendering that decision final. Holderfield v. Dep't of the Treasury, No. AT-1221-01-0306-W-1 (M.S.P.B. June 21, 2002) ("Holderfield I").

Holderfield appealed from the Board's decision in Holderfield I to this court. Holderfield v. Merit Sys. Prot. Bd., 326 F.3d 1207 (Fed. Cir. 2003) ("Holderfield II"). In Holderfield II, we reviewed the AJ's analysis concerning whether the agency had taken retaliatory "personnel actions" against Holderfield. Although we agreed with the AJ that two of Holderfield's allegations had been resolved in the prior grievance procedure, we also noted that the AJ failed to consider whether the remaining allegations constituted "personnel actions" under § 2302(a)(2)(A)(xi) relating to a "significant change in . . . working conditions." Id. at 1209-10. Accordingly, we vacated in part, affirmed in part, and remanded the case to the Board with instructions to determine whether Holderfield's allegations of personnel action amounted to a "significant" change as

required by § 2302(a)(2)(A)(xi). Id. We also instructed the Board to consider whether the allegations are precluded from being the basis of an IRA by election of a grievance procedure. Id. at 1209.

On remand, the AJ ordered the parties to specifically reference documents in the record relating to personnel actions constituting a "significant change in . . . working conditions" under section 2302(a)(2)(A)(xi) that were not addressed in the prior grievance procedure. Holderfield v. Dep't of the Treasury, No. AT-1221-01-0306-M-1, slip op. at 7-8 (M.S.P.B. Sept. 5, 2003) ("Remand Decision"). Holderfield identified eight allegedly adverse personnel actions. Id., slip op. at 9. The AJ, however, concluded that each of Holderfield's allegations was deficient in: (1) alleging a personnel action that had already been resolved in the grievance procedure; (2) occurring after the IRA appeal was filed at the Board, and thus, Holderfield had not exhausted her remedy before the Office of Special Counsel; or (3) being too vague. Id., slip op. at 9-12. After making these findings, the AJ again dismissed Holderfield's claim for lack of jurisdiction. Id., slip op. at 12.

Holderfield petitioned the full Board for review of the Remand Decision. Concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome of the appeal, the Board denied Holderfield's petition, rendering the Remand Decision final. Holderfield III, slip op. at 1-2.

Holderfield timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

04-3364                    -3-

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 299 (1938)). Moreover, the Supreme Court has explained that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

As set forth in Yunus v. Department of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001), the Board has jurisdiction over a whistleblower IRA if the appellant makes non-frivolous allegations that (1) she made a protected disclosure and (2) based on the disclosure, the agency took or failed to take a personnel action as defined by § 2302(a). However, under 5 U.S.C. §§ 7121(g)(2)-(3), Holderfield may not elect more than one of the following remedies for a claim relating to reprisal for making Whistleblowing Protection Act ("WPA") disclosures:

(A) An appeal to the Merit Systems Protection Board under section 7701.

(B) A negotiated grievance procedure under this section.

(C) Procedures for seeking corrective action under subchapters II and III of chapter 12.

In response to the AJ's order to specifically reference incidents in the record satisfying the second prong of the jurisdictional analysis, Holderfield cited, <u>inter alia</u>, numerous instances of verbal abuse by Chambers over the telephone and at a WOW work site. We agree, however, with the Board that Holderfield's allegations of "personnel actions" are precluded from consideration in this appeal because of Holderfield's prior election of the grievance procedure. In the grievance procedure, Holderfield complained of numerous incidents of verbal abuse by Chambers, in addition to other incidents of rude and embarrassing behavior. The agency, in turn, offered, and Holderfield accepted, a settlement agreement that resolved the aforementioned complaints. Holderfield cannot now reassert the same alleged "personnel actions" to establish jurisdiction for a whistleblower IRA based on the same operative facts to obtain further relief. We also find that the Board did not err in disregarding two of Holderfield's allegations of "personnel actions" for referencing events that took place after the IRA appeal was filed at the Board.

On appeal, Holderfield argues mainly that her current IRA claim and her prior grievance proceeding are not completely overlapping. Specifically, she argues that while the grievance proceeding addressed retaliatory acts in the form of unfair performance appraisals, that proceeding did not address her claims of sexual harassment and discrimination. Aside from failing to explain how the claims of sexual harassment and discrimination are related to Holderfield's WPA claim, that argument does not address the AJ's finding that all of Holderfield's allegations of "personnel

actions" under § 2302(a)(2)(A)(xi) were resolved in the grievance proceeding. In fact, Holderfield does not dispute any of the AJ's findings in her appeal to this court. Holderfield also argues that the alleged sexual harassment and discrimination constituted a significant change in the work conditions according to § 2302(a)(2)(A)(xi). Holderfield fails to explain, however, and we cannot discern from the record, how the harassment and discrimination were based on Holderfield's WPA disclosure.

We have considered Holderfield's remaining arguments and find them unconvincing. Accordingly, we affirm the Board's decision.

04-3364 -6-