NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3373

ERCILIA GARCIA,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

—————————————————

DECIDED:  March 27, 2006

—————————————————

Before NEWMAN, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Ercilia Garcia petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY315H040257-I-1, dismissing her appeal of termination during the probationary period because she had failed to establish jurisdiction based on marital status discrimination, 5 C.F.R. §315.806.[1]  We affirm the decision of the Board.

—————————————————

[1]    Garcia v. Dep't of Veterans Affairs, 2004 MSPB LEXIS 3159, No. NY315H040257-I-1 (Dec. 30, 2004) (initial decision); 2005 MSPB LEXIS 4275 (Aug. 2, 2005) (final decision).

DISCUSSION

The Department of Veterans Affairs appointed Ms. Garcia to the position of Vocational Rehabilitation Counselor on May 4, 2003. Her first year of employment was probationary. She was terminated for unacceptable performance, effective April 30, 2004.

Her supervisor of record, Mr. Bernie Finger, assigned Mr. Broderick Ilegbameh to train and mentor her work. The record states that she exhibited excellent interpersonal skills in her interactions with veterans; Mr. Finger gave her a fully successful performance evaluation after her first four months, but advised that her narrative reports needed improvement. Ms. Garcia acknowledged that there was room for improvement in her work, but stated that she was concerned about the level of criticism she had been receiving from Mr. Ilegbameh. At the three-day trial before the Administrative Judge (AJ), there was extensive testimony concerning her performance, her interactions with Mr. Ilegbameh, his interactions with other female employees and veteran "clients," and many details concerning the workplace. Ms. Garcia alleged that Mr. Ilegbameh had sexually harassed her because she was an unmarried, available female, and then retaliated by undermining her performance. As summarized in her appeal:

> Since the first day I began work at the VA, [Mr. Ilegbameh] has engaged in regular, daily, sexual harassment of me, creating a hostile work environment, and essentially a horrible work experience. While I was able to tune this out when working with the clients and my other colleagues, this sexual harassment and pursuit was always a paramount issue when dealing in any way with [Mr. Ilegbameh], always in the air, part of his entire presentation to me . . . . [Mr. Ilegbameh] even made it perfectly clear that a sexual relationship with him would be good for my career . . . . As my personal rejection of his advances became clear to him, [Mr. Ilegbameh] became more and more abusive and hostile towards me, being generally uncooperative, even though I needed his assistance. . . .

The AJ issued a lengthy opinion, with mixed findings as to the credibility of the various witnesses and the nature and weight of the evidence. See Ellis v. Dep't of Treasury, 81 M.S.P.R. 6, 9 (1999) (where allegations of marital status discrimination and sex discrimination are so intertwined that no meaningful finding as to one can be made without consideration of the other, the Board must review both).

The AJ identified the issues, summarized the evidence on each issue, and explained in detail whose version of events would be accepted. See Hillen v. Dep't of Army, 35 M.S.P.R. 453, 458 (1987) (summarizing the factors to be considered in assessing the credibility of a witness). A presiding official's credibility determinations are entitled to deference, and should not be disturbed absent exceptional circumstances. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564 (1985) (a fact finder's credibility choice between two witnesses "can virtually never be clear error"); Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (credibility determinations of the administrative judge are "virtually unreviewable").

There were many charges and countercharges. The AJ found that some of Ms. Garcia's allegations were supported, but that others were not, and ultimately concluded that Ms. Garcia had not established sexual harassment or marital status discrimination. The full Board denied review, and Ms. Garcia appeals to this court.

Ms. Garcia challenges the AJ's factual findings and credibility determinations, requesting that all of the evidence be reexamined. Ms. Garcia acknowledges the importance of credibility determinations, but asserts that important issues discussed during the hearing were not discussed in the AJ's decision. For example, she states that it was brought out during the hearing that several documents submitted to her previous attorney

during discovery appeared to be forgeries by Mr. Ilegbameh, and that the AJ should have taken this criminal act into account when weighing the credibility of Mr. Ilegbameh's testimony. However, Ms. Garcia does not explain what evidence establishes that these documents were in fact forged, and the record does not support overturning the AJ's apparent view of this matter.

Ms. Garcia also states that the AJ did not discuss the fact that two other employees, Ms. Tiaka Wright and Ms. Wanda Richards-Clark, did not have to submit write-ups for an eight-month review, but only for an end-of-year review; Ms. Garcia states that she received disparate treatment. The AJ rejected this argument, stating that it was not probative of the issue of marital status discrimination. Ms. Garcia also states that the AJ failed to consider her explanations for not reporting the alleged sexual harassment; however, the AJ's opinion includes the finding that her failure to report these incidents diminished, on the whole, the plausibility of her account of the events.

The AJ, discussing the evidence, concluded that discrimination based on marital status had not been established. Substantial evidence supports this decision. See 5 U.S.C. §7703(c); Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence"). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). Further, the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law, and was not obtained without procedures required by law, rule, or regulation having been followed.  <u>See</u> §7703(c).  Accordingly, the Board's decision must be affirmed.

No costs.