NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3030

JERENO S. KINSLOW,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

JeReno S. Kinslow, of Braselton, Georgia, pro se.

Jeffrey D. Klingman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3030

JERENO S. KINSLOW,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated case nos. AT0752070609-I-2 and AT0752080092-I-1.

_____

DECIDED: March 10, 2009

_____

Before NEWMAN, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Jereno Kinslow appeals the September 10, 2008 decision of the United States Merit Systems Protection Board ("MSPB") denying his petition for review and adopting the May 14, 2008 decision of the administrative judge terminating his employment as a Supervisory Tax Examining Technician with the United States Department of the Treasury, Internal Revenue Service ("IRS"). We <u>affirm</u> the decision of the MSPB.

## I. BACKGROUND

On February 1, 2007, police were called to the home of Mr. Kinslow, his wife Levetta Butler Kinslow, and her child. The responding officers found Mr. and Ms.

Kinslow with significant physical injuries. Based on their observations of Mr. and Ms. Kinslow, the evidence visible at the scene, and the statements of Mr. and Ms. Kinslow, the officers determined that Mr. Kinslow was the primary aggressor in an altercation between the two. Mr. Kinslow was arrested for aggravated assault, battery, and cruelty to children (related to the presence of Ms. Kinslow's young child during the event). The charges against Mr. Kinslow were later dropped at the request of Ms. Kinslow.

The IRS suspended and subsequently terminated Mr. Kinslow's employment. The removal was based on the original allegations against Mr. Kinslow and the conclusions of an IRS investigator who interviewed both Mr. and Ms. Kinslow about the event. The administrative judge reviewing Mr. Kinslow's termination found that (1) Mr. Kinslow was involved in a violent altercation with his wife and coworker Levetta Butler Kinslow, (2) Mr. Kinslow's involvement in this altercation caused the IRS to lose faith in his ability to reliably, ethically, and/or effectively serve as a manager in the tax examining department, and (3) termination of his employment was reasonable.

Following the administrative hearing, Mr. Kinslow acquired an affidavit from a previously unknown eyewitness to the events and submitted the affidavit with an appeal filed with the MSPB. The MSPB found that the affidavit did not constitute new evidence and denied Mr. Kinslow's petition for review, adopting the MSPB's decision as final. See 5 CFR § 1201.113. Mr. Kinslow now appeals to this court. We have jurisdiction over the appeal pursuant to 5 U.S.C. § 7703.

## II. PRELIMINARY MATTERS

Mr. Kinslow has requested that we strike from the record the Government's brief due to late filing. Mr. Kinslow's appeal was received by this court on October 27, 2008,

via transfer from filing with the MSPB office in Georgia. Mr. Kinslow failed to serve the Government with the appeal. On December 17, 2008, this court granted Mr. Kinslow's in forma pauperis petition, entered his appeal, and served the Government with the appeal on Mr. Kinslow's behalf. The Government's twenty-one day time for response runs from the date of service on the Government (December 17, 2008) and tolled on January 7, 2009. The Government's brief was received by this court and served by mail on Mr. Kinslow on January 7, 2009, and is therefore accepted as timely.

The Government submits that Mr. Kinslow cannot challenge the administrative court's factual findings or rely on the record below because he failed to furnish a transcript to this court. We disagree. This court timely received from Mr. Kinslow one copy of the original monitored hearing compact disc from the administrative hearing held April 1, 2008, before Administrative Judge Ramon V. Gomez of the Atlanta Regional (Field) Office of the MSPB. We accept this recording as a substitute for a written transcript, and consider its contents part of the record for review.

### III. DISCUSSION

This court's review of an appeal from a decision of the MSPB is limited by federal statutory law. See 5 U.S.C. § 7703(c). This court may reverse a decision of the MSPB only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id. An agency decision is supported by "substantial evidence" if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994).

Mr. Kinslow challenges the MSPB's conclusion that Mr. Walker's affidavit did not constitute new and material evidence that was previously unavailable. Mr. Kinslow argues that Mr. Walker's affidavit was previously unavailable because Mr. Walker resides in a different town than Mr. Kinslow. Mr. Walker and Mr. Kinslow did not know of each other prior to May of 2008 and Mr. Walker did not know of Mr. Kinslow's arrest or its connection to the events that Mr. Walker witnessed. We agree that Mr. Walker's affidavit would not likely have been available to Mr. Kinslow, even with due diligence, but for the chance meeting between them in May of 2008.

Nonetheless, the MSPB's determination that Mr. Walker's affidavit does not constitute new and material evidence is not reversible error. The fact that evidence was not previously available does not make it new and material. The information contained in Mr. Walker's affidavit is nearly identical to the information offered by Mr. Kinslow during his hearing testimony. Even if Mr. Walker's affidavit were accepted as true and corroborating evidence of Mr. Kinslow's testimony, it would not preclude a conclusion that Mr. Kinslow had a culpable role in a violent altercation between Mr. and Ms. Kinslow, and that Mr. Kinslow engaged in conduct unbecoming of an IRS manager. It was therefore not unreasonable for the MSPB to determine that Mr. Walker's affidavit did not present any new and material evidence that would require the MSPB to reconsider the decision of the administrative judge.

We have reviewed Mr. Walker's affidavit, the transcript of the administrative hearing, the briefs of the parties, and the documents in the record. We are presented with several competing versions of the events that took place on February 1, 2007, none of which are completely supported or completely precluded by the evidence in the

record.  Common to all credible versions of the events is that Mr. and Ms. Kinslow had a disagreement in the early morning prior to his arrest, and that some sort of violent altercation took place between them, during which both parties sustained serious injuries from a pantera claw.

This court does not substitute its impression of the facts for that of the administrative judge or the MSPB.  We review the appeal only to determine whether, based on the evidence in the record, a reasonable fact finder could have found that Mr. Kinslow had a culpable role in the violent altercation, and engaged in conduct unbecoming of an IRS employee.  The preponderant evidence standard applicable to an agency employment determination is a lower evidentiary standard than that required in criminal proceedings.  See 5 U.S.C. § 7701(c)(1)(B).  A preponderance of the evidence may be found by an agency even if there is not enough evidence to criminally convict the accused of a crime arising out of the conduct for which his employment was terminated.

We find there is sufficient evidence in the record that the administrative judge could have reasonably sustained the IRS's termination of Mr. Kinslow's employment. The evidence shows that a violent altercation took place, and that Mr. Kinslow lied to the police about the nature of the altercation during their investigation.  There is a substantial nexus between the incident and Mr. Kinslow's reliability, trustworthiness, and ethical ability to perform his duties as a manager.  The IRS responded harshly but not unreasonably in terminating his employment.  Further, for the reasons discussed above, the MSPB did not commit reversible error in finding that Mr. Walker's affidavit did not

constitute new and material evidence requiring the MSPB to reconsider the administrative judge's decision. The decision of the MSPB is affirmed.

## COSTS

Each party shall bear its own costs.