REYNA, Circuit Judge,
concurring.
I concur with' the majority opinion. I write separately to elaborate on why the Board erred in evaluating the second Carr factor: “the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision.” Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999). Warden Upton testified that Mr. Miller was “a fantastic employee” whom he reassigned only because OIG directed him to do so. Thus, not only was OIG “involved in the decision,” but the record suggests that OIG—not Warden Upton—was the de facto decision-maker here. - ■
A “Cat’s Paw” theory applies when an individual with knowledge of the protected disclosure influences another official to reassign the employee. Thus, the official making the reassignment is simply channeling the wishes of the defacto decision-maker. We have not addressed the Cat’s Paw theory in a published whistleblower decision, but the Supreme Court addressed it in a different context, writing, “[I]f a supervisor performs an act motivated by antimilitary animus that is intended by the supervisor to cause an adverse employment action, and if that act' is a proximate cause of the ultimate employment action, then the employer is liable” under the relevant statute. Staub v. Proctor Hosp., 562 U.S. 411, 424, 131 S.Ct. 1186, 179 L.Ed.2d 144 (2011). Here, Warden Upton performed an act intended to' cause an adverse employment action but insists that he was following OIG’s orders. Given Warden Upton’s positive reviews of Mr. Miller’s job performance, it seems unlikely that he would have reassigned Mr. Miller absent OIG’s influence. Yet the Board never questioned whether OIG in-fact directed Mr. Miller’s reassignment or its motivation for doing so. See J.A. 126-27 (evaluating only Warden Upton’s retaliatory motive).[1]
In Whitmore v. Department of Labor, 680 F.3d 1353 (Fed. Cir. 2012), we noted that once an employee makes a prima facie case, the Board is not limited to evaluating the retaliatory motives of agency officials ■directly in the whistleblower’s chain of *1265 command. Id. at 1371. Instead, the Board should consider the possible retaliatory-motives of any official who appears to have ■influenced the adverse employment action. Thus, at minimum, I would remand for the Board to determine OIG’s role and motivation in Mr. Miller’s reassignment in the first instance.
The dissent questions what OIG’s possible retaliatory motive could be in light of OIG’s role to protect whistleblowers. But answering that question is not Mr. Miller’s burden. The parties agreed that Mr. Miller made a prima facie case, thus shifting the burden to the Government to show independent causation- by clear and convincing evidence. As the majority opinion notes, it failed to do so. The Government’s failure to explain OIG’s obvious role in Mr. Miller’s reassignment only highlights the lack of clear and convincing evidence of independent causation.

. The dissent implies that Mr. Miller has waived a Cat’s Paw theory argument. But the Board’s failure to evaluate OIG’s role in Mr. Miller’s reassignment lends further support that its decision was not supported by substantial evidence. See Jacobs v. Dep’t of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (“The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.”).