NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3076

LAVONZER V. PARKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: May 5, 2005
_____

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM.

Lavonzer V. Parker petitions for review of the final decision of the Merit Systems Protection Board affirming the agency's decision to remove him from employment for unauthorized sale of government property. Parker v. Dep't of Veterans Affairs, No. SF-0752-04-0248-I-1 (M.S.P.B. Sept. 28, 2004). We affirm.

BACKGROUND

Lavonzer V. Parker was formerly employed as a Supply Technician at the Veterans Administration's Medical Center in Palo Alto, California. In that position, Parker's primary duty was to process the agency's "excess" property (such as used computers), including the preparation of lists describing the "excess" property, advertisement of the property, and interacting with potential buyers. Parker, No. SF-

0752-04-0248-I-1, slip op. at 3-5.  Once Parker found a potential buyer, he was required to inform his supervisor, Mr. Grissett, and Grissett, in turn, would prepare a sales document and collect payment.  Id., slip op. at 5.  There is no dispute that Parker did not follow this standard processing protocol, and, on February 10, 2003, the agency removed him from employment for conducting unauthorized sales of government property.  Specifically, on eleven separate occasions, the agency charged Parker with selling government property to individuals and private entities "without completing all of the required sales documents and without authorization [from Grissett]."  Id., slip op. at 2.

The Administrative Judge ("AJ") held a hearing and affirmed the agency's removal of Parker, concluding that Parker failed to comply with written and oral directions and policies established by his supervisors.  Based on testimony from agency officials, the AJ rejected Parker's contention that agency officials did not instruct him on the proper procedure for selling government property.  According to the AJ, agency officials testified that they directly informed Parker that Grissett must first approve all sales of government property.  Id., slip op. at 6-9.  The AJ found the testimony from the agency officials credible.  The AJ also found that memoranda and e-mails sent to Parker outlining the proper procedure for selling government property supported the agency officials' testimonies.  Id.  Furthermore, the AJ noted that Parker signed an attendance sheet for a training class relating to selling procedure.  Id., slip. op at 7.

The AJ rejected Parker's claims of disparate treatment due to race and reprisal for prior whistleblowing disclosures.  Regarding the racial discrimination charge, the AJ determined that Parker failed to allege or demonstrate that agency officials had taken

adverse action against him due to his race. Id., slip op. at 12. With respect to his claim of reprisal for alleged whistleblowing disclosures, the AJ found that Parker presented no evidence that his supervisors even knew of his prior whistleblowing disclosures.

Parker did not petition the full Board for review of the AJ's decision, rendering that decision final. Parker timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)).

On appeal, Parker appears to argue that the AJ did not give his testimony proper weight and that, contrary to the AJ's finding, certain agency officials knew that Parker was selling government property (and presumably allowed it). However, it is well-settled that the Board's credibility determinations are virtually unreviewable, and the AJ made such determinations. Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Thus, absent compelling evidence to the contrary, we will not second-guess

the weight that the AJ gave to Parker's testimony. Here, Parker does not point to any portion of the record to support his credibility argument. Moreover, Parker does not provide, and we cannot find in the record before us, any evidence supporting his allegation that agency officials knew he, by himself, was selling government property. Accordingly, we affirm the Board's decision.