NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3363

ISADORE B. BANKS, II,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  May 12, 2006

_____

Before NEWMAN, MAYER, and RADER, Circuit Judges.

PER CURIAM.

Isadore B. Banks, II, petitions for review of the decision of the Merit Systems Protection Board, Docket No. DA0752040726-I-1, affirming his removal from the position of letter carrier for the United States Postal Service.[1]  We affirm.

BACKGROUND

---

[1]      Banks v. United States Postal Servs., No. DA0752040726-I-1 (January 18, 2005).

Mr. Banks was injured on the job on February 28, 1991. He received workers compensation thereafter for thirteen years. On July 19, 2001 he completed and signed form CA-1032, by request of the Office of Workmen's Compensation. In answer to the question "Were you self-employed or involved in any business enterprise in the past 15 months," he replied in the negative. On April 19, 2002 the United States Postal Inspection Service prepared an "Investigative Memorandum" collecting evidence indicating that Mr. Banks had falsified his answer on the form, based on his involvement with "Evans Transportation Company," an Arkansas corporation that provides transportation for Medicaid recipients. After a one-day bench trial, the United States District Court for the Eastern District of Arkansas entered a judgment on June 18, 2004 finding Mr. Banks guilty of one felony count of making a false statement to obtain federal employee's compensation. Mr. Banks was sentenced to prison for ten months, to supervised probation upon release for three years, and was assessed $62,508.86 in penalties.

On July 12, 2004 the Postal Service issued a Notice of Proposed Removal, charging Mr. Banks with submitting false information on Form CA-1032. The agency subsequently removed Mr. Banks from his position, effective August 25, 2004. Mr. Banks appealed. The administrative judge ("AJ") found that the agency had supported its charge of misconduct by a preponderance of the evidence, and that the deciding official's review of the relevant mitigating factors indicated that removal was the appropriate penalty. Mr. Banks appealed to the full board, which affirmed the decision of the AJ. Mr. Banks appeals to this court.

## DISCUSSION

We review the decision of the Board to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Banks initially challenges the amount of the monetary penalty assessed by the district court. This issue was not raised before the Board, and does not appear to be a matter within the Board's jurisdiction, or our own. The district court's decision was appealed to the Eighth Circuit Court of Appeals.

Mr. Banks also challenges the sufficiency of the evidence supporting the Board's decision. The Board summarized the evidence supporting the charge of misconduct, including: (1) the Articles of Incorporation for Evans Transportation Company, listing Mr. Banks as one of the incorporators; (2) an application for a business license for the company, listing Mr. Banks as the business owner; (3) a contract between the State of Arkansas Department of Human Services and Evans Transportation Company for the provision of transportation for Medicaid recipients; (4) cancelled checks from the Arkansas Medicaid Program, payable to Evans Transportation Company, some of which were endorsed by Mr. Banks on behalf of the company; and (5) the judgment issued by the district court showing that Mr. Banks had been found guilty of making a false statement to obtain Federal Employee's Compensation.

The Board also found that the penalty of removal was reasonable and promoted the efficiency of the service. The Board referenced the agency's decision letter, which discussed the factors considered in assessing the removal penalty. The agency found that the offense was serious; the actions deliberate and calculating; and that Mr. Banks conduct had destroyed the "trust and confidence inherent in the employer/employee agency." The

agency duly considered Mr. Banks' seventeen years of service without any disciplinary record, but found that Mr. Banks had not actively performed any postal duties for "a number of years" because he had been on the agency's periodic rolls since sustaining his injury. The Board found no basis for disturbing the agency's conclusion that Mr. Banks' years of service were not sufficient to overcome the egregiousness of the offense. See Beard v. Gen. Servs. Admin., 801 F.2d 1318 (Fed. Cir. 1986) (the Board reviews agency penalties under an abuse of discretion standard).

Mr. Banks states that evidence before the district court during a one-day bench trial established that Evans Transportation Company was owned by his wife, that she owned this business prior to their marriage, that he did not assist her in operating the business, and that the documents showing his involvement with the corporation were drafted by her, without his permission. However, these statements are not consistent with the evidence before the Board, nor negate the substantial evidence in the record supporting the Board's decision. There was evidence before the Board indicating that Mr. Banks was directly involved in the activities of the corporation. For example, the record contains a copy of a "Vehicle For Hire Permit Application for Special Para-transit Vehicle" signed by Mr. Banks; the Investigative Memorandum states that Mr. Banks "personally presented this application and drove the vehicle in for inspection." His wife's testimony that he paid the company's bills on her behalf is consistent with the Board's finding that Mr. Banks had, in fact, been "involved in any business enterprise" in the relevant time period, contrary to his answer on form CA-1032. His arguments do not outweigh the substantial evidence supporting the Board's decision. See Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent an

administrative agency's findings from being supported by substantial evidence").  "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)).  Further, the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and was not obtained without procedures required by law, rule, or regulation having been followed.  See §7703(c).  The Board's decision must be affirmed.

No costs.