NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3091

JESSE A. BARBER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  July 25, 2006

_____

Before NEWMAN, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Jesse A. Barber petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT0752050011-I-1, affirming his removal from the United States Postal Service.[1]  We <u>affirm</u> the decision of the Board.

---

[1]    <u>Barber v. United States Postal Service</u>, No. AT0752050011-I-1 (Feb. 1, 2005).

BACKGROUND

The Postal Service employed Mr. Barber as a Supervisor, Distribution Operations, EAS-17, in Jacksonville, Florida for nine years. On July 23, 2004 his supervisor, Robert Mahar, proposed his removal based on a charge of "Improper Conduct." The supporting specifications alleged that on July 14, 2004 Mr. Barber had abruptly left work despite Mr. Mahar's repeated instructions to stay, and had communicated threatening statements to Mahar. Mr. Barber had turned in a leave slip that day requesting leave on July 20; the slip contained handwritten statements in the "Remarks" field, "Bob Mahar JSO Court Appt B Arrest," and below Barber's signature, "Bad Fucking Move Bob. It's not over!" These statements allegedly referred to Barber's displeasure with Mahar in connection with a previous incident in which Mahar had "tricked" Barber into coming into the lobby of the facility so that the Jacksonville Sheriff's Office could arrest him for off-duty misconduct. Mahar also received two inter-office envelopes that day which contained identical unsigned notes stating, "I will be waiting for you after work today. I have my guns with me today for you."

Barber submitted a written response dated August 6, 2004. He acknowledged leaving work on July 14, but denied hearing Mahar's instructions to stay. He also acknowledged writing the statements on the leave slip, but denied that they were threatening, contending that they referred to continuing court appearances concerning the charges leading to his arrest. He also denied leaving the unsigned notes found in the inter-office envelopes.

On September 7, 2004 designated deciding official Janet Mills sustained the charge and found that removal was warranted. Barber appealed to the Merit Systems Protection

06-3091                                          2

Board. The administrative judge affirmed the removal on February 1, 2005, and the full Board denied Barber's petition for review on September 22, 2005. Barber now appeals to this court.

DISCUSSION

We review the decision of the Board to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Barber challenges the evidentiary support for the agency's charge and specifications, alleging inconsistencies in the testimony of agency witnesses and stating that the testimony was not sufficiently supported by documentary evidence. The agency responds that Mr. Barber has not shown what testimonial evidence is contradicted by other testimony or evidence before the Board, and has not explained how any such inconsistencies are relevant to the issues decided by the Board. The agency further responds that a lack of documentary evidence does not, in and of itself, render testimony false or provide grounds to set aside an administrative judge's credibility determinations.

"Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). Janet McCarty, a clerk who was sitting outside Mahar's office at the time of the incident, stated that she heard Mahar instruct Barber to return to work. Further, EEO

Dispute Resolution Specialist James Wright testified that he met separately with Barber and Mahar on the morning of July 14, in order to reschedule a mediation session regarding a prior disciplinary matter. In his meeting with Barber, Barber stated that Barber and Mahar would settle their dispute "man to man," and that Mahar was "going to make me have to kick his ass." Although Barber denied ever making such statements, the administrative judge made credibility determinations and found that Wright had no reason to lie about the events, and had provided testimony that was "consistent, logical and, in the final analysis, eminently believable over [Mr. Barber's] blanket denials," Barber, slip op. at 4. See Blank v. Dep't of the Army, 247 F.3d 1225, 1228 (Fed. Cir. 2001) (the Board's "determinations of witness credibility are 'virtually unreviewable'") (quoting Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). We agree with the agency that Mr. Barber's arguments do not outweigh the substantial evidence supporting the Board's decision.

Mr. Barber also states that the Board misapplied Metz v. Department of Treasury, 780 F.2d 1001, 1004 (Fed. Cir. 1986), which sets forth considerations for determining whether threatening behavior has taken place, including "(1) The listener's reactions; (2) The listener's apprehension of harm; (3) The speaker's intent; (4) Any conditional nature of the statements; and (5) The attendant circumstances." The agency responds that the Board correctly applied Metz and found that Mr. Barber's statements and conduct constituted threatening behavior. The Board found that Barber's demeanor, as reported by the witnesses who saw him on July 14, constituted cause for concern. Further, Mr. Mahar testified that he feared for his safety and subsequently took cautionary steps, such as carefully searching parking lots before parking his car, installing a home security system, and altering his times and routes of travel. Upon consideration of all the applicable factors,

including the attendant circumstances, the Board concluded that Mr. Barber exhibited threatening behavior, as alleged in the specifications supporting the charge of "Improper Conduct." That decision is supported by substantial evidence, see Consolo. v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence"), and is not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law, nor obtained without procedures required by law, rule or regulation having been followed. See 5 U.S.C. §7703(c). The Board's decision is affirmed.