NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY T. LEE,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2010-3176

---

Petition for review of the Merit Systems Protection Board in case no. DC0752100186-I-1.

---

Decided: February 14, 2011

---

ANTHONY LEE, Jacksonville, Florida, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director.

---

Before RADER, *Chief Judge*, NEWMAN and LINN, *Circuit Judges*.

PER CURIAM.

Anthony Lee appeals a final decision of the Merit Systems Protection Board ("Board") affirming his removal from a position as an engineering technician with the Army Corps of Engineers ("Corps*").  Lee v. Dep't of Army*, No. AT-0752-10-0186-I-1 (M.S.P.B. Oct. 26, 2010).   For the following reasons, this court affirms.

BACKGROUND

The Corps hired Lee as an engineering technician in August 2000.   Beginning in 2007, Lee's performance ratings began to decline, and after a poor midyear review in May 2009, the Corps placed Lee on a performance improvement plan.  The plan required Lee to demonstrate an acceptable level of performance in several areas, including (1) delivering quality work product on time and within budget; (2) maintaining collaborative working relationships with his colleagues; and (3) applying technical standards, criteria, policies, and regulations to produce accurate, high quality work product free of significant errors and omissions.  The plan warned that the Corps may remove Lee if he failed to demonstrate the necessary level of performance in each of these areas.

According to the Corps, Lee's performance did not improve after the Corps placed him on the plan.  Lee repeatedly produced inaccurate and untimely work product, which the Corps often assigned to other engineering technicians to correct.  He also refused to follow instructions, ignored feedback from his coworkers, and acted in a manner his supervisor later described as "completely unprofessional, discourteous, and disruptive."   Lee's conduct led the Corps to issue him a letter of reprimand for "discourtesy and conduct unbecoming a federal employee."  The Corps later suspended Lee for five days for discourtesy and insubordination based on his ongoing

pattern of misconduct. After a confrontation between Lee and his supervisor, the Corps removed Lee for conduct unbecoming a federal employee and unsatisfactory work performance effective December 10, 2009.

On November 25, 2009, Lee appealed his removal to the Board. During a hearing before an administrative judge, Lee challenged the Corps's characterization of the events leading to his removal, arguing that the Corps had relied on false testimony and evidence to support its narrative. He also contended that the Corps removed him in retaliation for whistleblowing and for filing a complaint with the Equal Employment Opportunity Commission. In a comprehensive initial decision, the administrative judge sustained all of the charges brought by the Corps. She concluded that the witnesses presented by the Corps were more credible than Lee and found no support for Lee's contention that the Corps presented false evidence. The administrative judge also concluded that Lee failed to establish that the Corps had removed him in reprisal for either whistleblowing or filing a complaint with the Equal Employment Opportunity Commission. After the initial decision became final, Lee timely appealed the decision to this court. We have jurisdiction to hear his appeal under 5 U.S.C. § 7703.

## DISCUSSION

This court must affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

In a lengthy informal brief, Lee contends that the Board committed numerous "violations" that effectively denied him a fair and unbiased hearing. These violations generally fall into one of three categories: (1) allowing the Corps to submit incompetent and false evidence;

(2) denying him the opportunity to present his case; and (3) ignoring or incorrectly applying relevant legal principles. He also suggests that he was removed because he made statements protected by the Whistleblower Protection Act. This court addresses each of these issues in turn.

## I.

Lee argues that the Board's decision is not supported by substantial evidence. He contends that the administrative judge relied mainly on hearsay instead of "certified" supporting documents. "It has long been settled, however, that hearsay evidence may be used in Board proceedings . . . ." *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). To the extent that Lee contends that a Board decision cannot be supported by substantial evidence if it relies largely on witness testimony, this court has concluded otherwise. *See, e.g.*, *Barber v. U.S. Postal Serv.*, 186 Fed. App'x 1020, 1021-22 (Fed. Cir. 2006) (concluding that an agency decision that relied primarily upon witness testimony was supported by substantial evidence). Lee also argues that many of the witnesses presented by the Corps gave false testimony or submitted false affidavits. But other than asserting that this evidence is false and drawing dubious inferences from the record, Lee has provided no evidence to support this accusation. Moreover, this is essentially a challenge to the Board's credibility determinations and such determinations "are virtually unreviewable on appeal." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002).

## II.

Lee next contends that the Board erred by allowing him to present evidence during the removal hearing but not at a prehearing conference. The purpose of a prehear-

ing conference, however, is not to present evidence. A prehearing conference provides an opportunity for the participants to further define the issues and, when possible, to settle the dispute. *See* 5 C.F.R. § 1201.41(b)(12) (explaining that a presiding official may "hold prehearing conferences for the settlement and simplification of issues"). Lee argues that even when he was allowed to present his case, the administrative judge did not allow him to present all of his evidence. The admissibility of evidence "fall[s] within the sound discretion of the [B]oard and its officials. This court will not overturn the [B]oard on such matters unless an abuse of discretion is clear and is harmful." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988) (internal citations omitted). Lee has neither established that the Board abused its discretion by denying his request to present evidence nor shown that he was harmed by the denial.

## III.

Lee asserts that the Board incorrectly applied "Code 1201.43(b)" and failed to take into account "Merit System principles, the law, ethics, and basic language written in the [Board] Judge Handbook." He also repeatedly argues that the Board failed to properly apply "Title 5/7 procedures." We understand Lee's mention of "Code 1201.43(b)" as reference to 5 C.F.R. § 1201.43(b), which concerns a judge's ability to dismiss an appeal if a party fails to participate. This section is simply irrelevant here. After reviewing the record, this court concludes that Lee's vague allegations that the Board misapplied or ignored unspecified legal principles are baseless.

## IV.

Finally, Lee suggests that the Board failed to consider his claim that the Corps removed him in retaliation for whistleblowing. But the Board assumed that Lee had

demonstrated that the Corps removed him for making protected statements. The Board concluded, however, that the Corps had proven by clear and convincing evidence that it would have removed Lee even if he had not engaged in whistleblowing activity. This court discerns no error in the Board's decision.

## CONCLUSION

We have considered the other arguments raised by Lee and find them meritless. Accordingly, this court affirms the decision of the Merit Systems Protection Board.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.