NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THASHA A. BOYD,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2018-1460

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-17-0363-W-1.

---

Decided: July 2, 2018

---

THASHA A. BOYD, Kennesaw, GA, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before REYNA, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

This petition for review relates to a decision by the Merit Systems Protection Board denying Thasha A. Boyd's request for corrective action with respect to her individual right of action appeal alleging that the agency engaged in unlawful retaliation against her in response to her whistleblowing activity. For the reasons explained below, we affirm.

## BACKGROUND

Thasha A. Boyd ("Ms. Boyd") was removed from her position as a Veterans Service Representative at the Department of Veterans Affairs's ("DVA") Veterans Benefits Administration's Atlanta Regional Office. She appeals her removal in a separate but related case (2018-1459). The relevant facts regarding her removal are described in a related case. *See Boyd v. DVA*, No. 18-1459, slip. op. at 2–4.

On November 28, 2016, Ms. Boyd filed a complaint with her supervisor alleging various co-workers were violating agency policies and procedures. For instance, Ms. Boyd alleged that her co-worker, Dwayne Turner, failed to respond to allegations that she made against him concerning what she alleged were improper disclosures of her medical records. Ms. Boyd also alleged that the agency caused her humiliation during an office lunch when a restaurant provided her with a meal that her religious faith restricted her from eating.

On December 22, 2016, Ms. Boyd filed a complaint with the Office of Special Counsel ("OSC"), alleging that the agency was taking personnel actions against her in reprisal for her whistleblowing activities. On April 11, 2017, OSC notified Ms. Boyd that it had made a determination to close its inquiry into her allegations.

On March 16, 2017, Ms. Boyd filed the instant individual right of action appeal with the Merit Systems

Protection Board ("Board"), alleging that the DVA engaged in unlawful retaliation against her in response to her whistleblowing activity. Ms. Boyd alleged that the agency created a hostile work environment by delaying her access to an update of her electronic Official Personnel Folder ("OPF"), which resulted in the expiration of her time to file a petition for enforcement in another case against her former employer, the Department of Labor ("DOL"). Ms. Boyd further alleged that the agency improperly investigated a complaint filed by Mr. Jahn in the related case, improperly reassigned her work location, and improperly issued a proposed removal letter to her.

On November 3, 2017, an administrative judge issued an initial decision denying Ms. Boyd's appeal. The administrative judge found that Ms. Boyd made a *prima facie* case with respect to several disclosures,[1] but held that Ms. Boyd failed to show that she had a reasonable belief that the remaining protected disclosure allegations evidenced a violation of law, rule, or regulation. Appx10–

---

[1] The disclosures are as follows: (1) The DVA was collaborating with the DOL, the IRS, and the Board to retaliate against Ms. Boyd for her status as a whistleblower and because of her ongoing litigation; (2) a co-worker flashed his cell phone such that his wife could see a spreadsheet that had veterans' names and social security numbers in plain view; (3) a co-worker left his computer screen and login unlocked in violation of agency policy; (4) on November 21, 2016, a co-worker allowed a new hire who did not yet have access to DVA systems to use his login information to get onto the agency's computers; (5) on November 21, 2016, a co-worker had an electronic device plugged into a computer in violation of agency policy; and (6) allegations that several co-workers were leaving the training room early. Appx10.

11.[2]   The administrative judge found that Ms. Boyd established that her disclosures were a contributing factor in three personnel actions.

The administrative judge next determined that Ms. Boyd had exhausted her remedies at OSC with respect to the following allegations of improper agency action: (1) the agency's investigation into Mr. Jahn's complaint; (2) the agency's reassignment of Ms. Boyd's duty station effective December 21, 2016; (3) Ms. Boyd's proposed removal dated February 9, 2017; and (4) Ms. Boyd's claim of a hostile work environment.  Appx11.

Finally, the administrative judge determined that the agency proved by clear and convincing evidence that the agency did not subject Ms. Boyd to a hostile work environment and that it would have taken the personnel action against Ms. Boyd regardless of her protected disclosures.  Appx15–21.  Ms. Boyd petitioned for review. We have jurisdiction pursuant to 5 U.S.C. § 7703.

## DISCUSSION

Our standard of review requires us to "hold unlawful and set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  We will not overturn a Board decision as long as it is supported by relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Jacobs v. Dep't of Justice,* 35 F.3d 1543, 1546 (Fed. Cir. 1994) (citing *Brewer v. U.S. Postal Serv.,* 647 F.2d 1093, 1096 (Ct. Cl. 1981)).

---

[2]   All citations to "Appx" herein refer to the Separate Appendix for Respondent.

## I. Hostile Work Environment

Conduct sufficient to create a hostile work environment must be both objectively and subjectively offensive, such that a reasonable person would find hostile or abusive, and one that the victim in fact perceived to be so. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998). The administrative judge considered the totality of the circumstances and correctly held that Ms. Boyd "failed to show the agency's actions were sufficiently severe or pervasive so as to constitute a material change in [her] working conditions." Appx14. For example, the administrative judge found that the agency promptly responded to Ms. Boyd's request for login information for her OPF and noted that Ms. Boyd failed to explain how not having this information earlier prevented her from filing an appeal with the Board related to her DOL case. *Id.* Additionally, the administrative judge found that there was no evidence that Ms. Boyd was humiliated for her religion; rather, the mistake in Ms. Boyd's lunch order was simply a mistake made by the restaurant. *Id.* Accordingly, the Board's decision was supported by substantial evidence.

## II. Personnel Actions

When determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board considers the following factors: (1) the strength of the agency's evidence in support of its personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

The three personnel actions considered by the Board were the agency's decision to conduct an investigation into

Ms. Boyd's conduct in the workplace; the agency's letter proposing Ms. Boyd's removal; and the agency's assignment of an alternate work location. We conclude that the Board properly considered the factors outlined above. The Board's holding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions despite Ms. Boyd's whistleblowing activity is supported by substantial evidence.

For example, with respect to the investigation, the administrative judge properly found that Mr. Jahn's serious allegations warranted an investigation and that Ms. Boyd's supervisor had little motive or reason to retaliate against Ms. Boyd as a result of her protected disclosures. Appx16–17. In response, Ms. Boyd offers no evidence to contradict the administrative judge's determination, but rather raises the same arguments as in the related case challenging her removal. *See Boyd v. DVA*, No. 18-1459, slip. op. at 5.

Further, the administrative judge determined that the agency had significant evidence to support the proposed removal of Ms. Boyd. The administrative judge relied on the declaration of the proposing official and determined that he had little motivation to retaliate against Ms. Boyd, as there was no indication that he was aware of Ms. Boyd's prior whistleblowing complaint. Appx17–18. Ms. Boyd also failed to identify other employees who were similarly situated to her (i.e., charged with both inappropriate conduct and failure to follow a supervisor's instructions), and the administrative judge properly determined this factor to be irrelevant.

Lastly, with respect to Ms. Boyd's reassignment, the administrative judge found no reasonable basis to believe that the disclosures made by Ms. Boyd motivated her third-level supervisor, Stephanie DiBello ("Ms. DiBello") to assign Ms. Boyd to work from an alternate location. The administrative judge determined that Ms. DiBello's

declaration was credible and corroborated by substantial evidence of the allegations against Ms. Boyd at the time she was reassigned to work from an alternate location. Ms. Boyd argues that the administrative judge gave too much weight to Ms. DiBello's statements. This argument fails because the administrative judge found the agency had substantial reasons for wanting to remove Ms. Boyd from her workplace based on the serious and substantive allegations of misconduct.

## CONCLUSION

Ms. Boyd advances several other arguments, but we find these arguments equally unpersuasive. We find no reversible error in the Board's decision and therefore affirm.

## AFFIRMED

### COSTS

No costs.